IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **HENRY MURRY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **V.** | ) | Civil Action Number |
| | ) | **CV-13-BE-392-S** |
| | ) | |
| **ROSS STORES, INC.,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the court on Defendant's "Motion to Dismiss and Compel Arbitration." (Doc. 15). The Plaintiff has responded to this motion (doc.18) and the Defendant replied (doc. 19); this matter has received thorough briefing. For the reasons stated in this Memorandum Opinion, the court will GRANT the motion to compel arbitration, and then, will GRANT the motion to dismiss.

## BACKGROUND FACTS

The following facts are not in dispute.

On November 1, 2010, the Defendant, Ross Stores, Inc., hired the Plaintiff, Henry Murry, as a store manager. On November 8, 2010, Murray and a Ross representative signed the "New Associate Orientation Acknowledgment," confirming that Murry received the Store Associate Handbook, which contained the Arbitration Policy that was in effect as of that date. (Doc. 15-2). Seven months later, on June 22, 2011, Murray electronically signed Ross's Dispute Resolution Agreement, clicking "I agree" after a paragraph acknowledging that he had read and agreed to be

bound by the agreement and that, by his signature, he was "agreeing to arbitrate covered disputes" and that "disputes will not be resolved by a court or jury." (Doc. 15-1, at 20). Ross also signed the agreement. Before Murry signed the agreement, a pop-up on screen advised Ross to "READ CAREFULLY THIS AGREEMENT . . .By agreeing to its terms you and Ross are waiving your right to have disputes related to your employment heard by a jury and are agreeing to have any disputed [sic] decided by an arbitrator instead." (Doc. 15-1, at 14).

The Arbitration Agreement itself states that it is governed by the Federal Arbitration Act and requires both Murry and Ross to arbitrate "any disputes arising out of or relating to the employment relationship," including disputes involving "compensation, termination, or harassment, and claims arising under the Civil Rights Act of 1964, Americans with Disabilities Act, Age Discrimination in Employment Act ...." (Doc. 15-2, at 5).

Subsequently, Ross terminated Murry. Murry filed the instant lawsuit against Ross on February 26, 2013, alleging that "Ross Dress for Less" is guilty of employment discrimination based on age, race, and disability and also in retaliation for Murry's having filed a previous charge of discrimination against Ross for alleged discriminatory employment practices. (Doc. 1). Murry subsequently filed an amended complaint confirming those allegations. (Doc. 4).

Murry does not contest that he signed the Arbitration Agreement. Instead, he asserts that the agreement is not enforceable because he claims Ross was not qualified to do business in Alabama during the relevant period. In its reply, Ross attaches the Alabama Secretary of State's certificate with the Great Seal of Alabama affixed, attesting that Ross Dress for Less, Inc. qualified to do business in the State of Alabama on March 15, 2004 and that its qualification has not since been revoked, cancelled, or termination. (Doc.19-1, at 2).

**DISCUSSION**

The court first addresses the motion to compel arbitration.  As Ross notes in its reply brief, Murry disputes neither the existence of an arbitration agreement between the parties nor the agreement's contents.  Rather, Murry's sole argument in his opposition brief is that the arbitration agreement is unenforceable because Ross was not registered to transact business in Alabama during the period in question.  Because Ross presents uncontradicted evidence from the Alabama Secretary of State attesting to the fact that "Ross Dress for Less" was qualified to do business during the relevant period, the court rejects Murry's argument and FINDS that the arbitration agreement is enforceable.  The court further FINDS that the arbitration agreement covers the claims asserted in the instant suit.

Accordingly, the court will GRANT the motion to enforce arbitration.  In light of that decision, the court will DISMISS this case without prejudice to its being reopened if arbitration is not completed successfully.

Dated this 19th day of December, 2013.

_Karon O. Bowdre_
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE